## LANDSBERGER v. McLAUGHLIN, Internal Revenue Collector.

District Court, N. D. California, S. D.
April 26, 1927.

No. 17261.

Internal revenue ⊗⟹7(19)—Loss of good will of wine business, due to prohibition legislation, not deductible from income as "allowance for obsolescence" (Revenue Act 1918, § 214a, subd. 8 [Comp. St. § 6336⅛g]).

Loss of good will of a wine and liquor business, due to prohibition legislation, is not a loss from obsolescence, deductible from gross income, under Revenue Act 1918, § 214a, subd. 8 (Comp. St. § 6336⅛g).

At Law. Action by Henry M. Landsberger against John P. McLaughlin, Collector of Internal Revenue. Judgment for defendant.

Vogelsang & Brown, of San Francisco, Cal., for plaintiff.

George J. Hatfield, U. S. Atty., and Thos. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

KERRIGAN, District Judge. This is an action to recover $13,426, paid under protest to cover a deficiency in income tax assessed against plaintiff for 1919, and $1,154.31 similarly paid for 1920. Plaintiff was, and had been for many years, a wine and brandy broker, doing business under the name of "Landsberger & Son." His dealings were with wholesalers only, with whom he negotiated for the purchase of whole cellars. This business was in flourishing condition prior to the time when it became certain that prohibition would go

into effect. Since the National Prohibition Act (Comp. St. § 10138¼ et seq.) went into effect, plaintiff has ceased to do business with his old clients, and has endeavored to build up a new clientèle, to which he sells nonbeverage wines on a commission basis. The returns from the new form of this business are negligible.

In his income tax returns for 1919 and 1920 plaintiff claimed that the good will of his business was worth at least $90,113.90 on March 1, 1913, and that such good will became obsolete because of the national prohibition legislation which went into effect January 16, 1920. The Treasury Department having ruled that the date when it became reasonably certain, for the purposes of tax deduction, that prohibition was inevitable was January 31, 1918, plaintiff prorated his asserted loss of $90,113.90, the alleged value of the good will, over the period between January 31, 1918, and January 16, 1920. His figures follow:

| Year. | Period. | Amount. |
|---|---|---|
| 1918 | 11 months | $42,134 17 |
| 1919 | 12 months | 45,964 54 |
| 1920 | 16 days | 2,015 19 |
| | | $90,113 90 |

The present case concerns only the amounts allocated to the years 1919 and 1920 on account of obsolescence of good will, and deducted from plaintiff's income as returned for those years. The Treasury Department disallowed the deductions, and plaintiff paid the additional tax under protest.

The statute governing this controversy is section 214a (8) of the Revenue Act of 1918 (40 Stat. 1057–1152), being Comp. St. 6336⅛g, which reads as follows:

"Sec. 214 (a) That in computing net income there shall be allowed as deductions:
* * *
"(8) A reasonable allowance for the exhaustion, wear and tear of property used in trade or business, including a reasonable allowance for obsolescence."

The question in the case is as to whether loss of good will due to prohibition legislation may be deducted under this provision. It is strenuously urged that such loss is a permissible "allowance for obsolescence."

This problem has recently been considered by the Circuit Court of Appeals for the Eighth Circuit in Redwing Malting Co. v. Willcuts, 15 F.(2d) 626. In an exhaustive opinion the court reviews the history of

section 234a (7), Revenue Act of 1918 (40 Stat. 1057, 1077), being Comp. St. § 6336⅛-pp, which is identical in language with the statute now before me. It also considers such departmental constructions as have been given to the section and discusses the nature of "good will." The court holds that there may be no deduction for loss of good will under this section. The reasoning upon which this conclusion is based appears from the following language:

"It would seem quite apparent, therefore, that Congress was not intending to add a new and independent deduction. It was merely trying to provide the restoration of capital value of a depreciable asset over the period of its useful life by allowing something, known as obsolescence, as an additional element to exhaustion, wear, and tear. This legislative history sustains, we think, the conclusion to which we are forced that the phrase 'including a reasonable allowance for obsolescence' is one of specification and enlargement; that it is closely connected with and relates to the subject-matter of the other phrase of said subsection (7), and applies only to such property therein designated used in the business as is subject to exhaustion, wear, and tear.

"That leads to the query: Is good will such property? Good will is property of an intangible nature. It differs from such intangibles as patents, copyrights, licenses, and franchises, because, while in a certain sense it inheres in and is used in the business, it is not subject to depreciation, as that term is commonly understood and commonly used in the statutes." Page 632.

"We are satisfied there can be no wear or tear of good will, or exhaustion thereof by use, and, even should we assume that good will, separate and distinct from tangible property, is property used in the business, section 234a, subsection (7), of the 1918 Revenue Act limits the allowance for obsolescence to such property as is susceptible to exhaustion, wear, and tear by use in the business, and good will is not such property." Page 633.

This interpretation of the statute appears to be the correct one. Under it, plaintiff in this case is not entitled to recover. It is therefore unnecessary to consider the other questions raised at the trial and in the briefs.

In view of the conclusions expressed herein, no other or special findings will be made.

Let judgment be entered for defendant. So ordered.