## HABERLE CRYSTAL SPRING BREWING CO. v. CLARK, Collector of Internal Revenue.

District Court, N. D. New York. June 29, 1927.

**1. Internal revenue ⊜═⊃7(22)—Obsolescence of good will held not deductible in computing net income (Revenue Act 1918, § 234a, subd. 7 [Comp. St. § 6336⅛pp]).**

Obsolescence of good will of business *held* not deductible, under Revenue Act 1918, § 234a, subd. 7 (Comp. St. § 6336⅛pp), in computing net income, since such section only covers obsolescence of property used in trade or business, subject to exhaustion, wear, and tear.

**2. Internal revenue. ⊜═⊃7(22)—Deduction for decrease in value of brewery business, due to obsolescence, will not be allowed, where evidence thereof was offered and received only on question of obsolescence of good will.**

Where, in action to recover income profit taxes, evidence relating to decrease in value of brewery business, due to obsolescence, was offered and received in evidence before special master only on question of obsolescence of good will or intangible assets, no allowance or independent deductions on account thereof will be allowed.

At Law. Action by the Haberle Crystal Spring Brewing Company against Jesse W. Clark, Collector of Internal Revenue. Judgment for defendant.

Welch & Welch, of Syracuse, N. Y., for plaintiff.

Oliver D. Burden, U. S. Atty., and H. V. S. Groesbeck, Asst. U. S. Atty., both of Syracuse, N. Y., Floyd F. Toomey, Solicitor Treasury Dept., of Washington, D. C., Frank B. Hudson, Inspector 21st Dist., N. Y., of Syracuse, N. Y., and A. W. Gregg, Solicitor of Internal Revenue, of Washington, D. C., for defendant.

COOPER, District Judge. This is a motion for confirmation of the report of the special master to whom the trial of the issues involved was referred by consent of the parties to take the proof and report his findings of fact and conclusions of law, subject to the approval of the court.

The plaintiff brought this action against the collector to recover income profits taxes in the sum of $15,530.92, paid for the fiscal year ending May 31, 1919, together with $1,087.16 interest, all of which plaintiff claims was illegally exacted from it, because of the failure of the collector to allow a deduction from the plaintiff's income for that year for obsolescence of the good will of the plaintiff's business during that year.

Prior to prohibition plaintiff was conducting a brewing business in central New York, with two brewing plants located in the city of Syracuse, in which business it made substantial profits by the sale of its products under certain trade-names filed in the office of the secretary of state of New York. The plaintiff corporation was dissolved in December, 1920, with the coming in of prohibition, and another corporation, known as the Haberle Beverage & Products Company, was organized in 1920, which took over one of the two brewing plants, called the "Haberle plant," and engaged in the business of manufacturing and selling soft drinks and cereal beverages, and is still carrying on the same business at the Haberle plant. With one exception, the stockholders of the new corporation are identical with the stockholders of the plaintiff corporation.

On the trial before the special master, the defendant contended (1) that the plaintiff was without legal capacity to sue, having been dissolved pursuant to the statutes of the state of New York; (2) that good will is not property that is taxable separate and apart from the business to which it is an appurtenance; (3) that, even if good will is property, it is not the kind of property meant by section 234a, subdivision 7, of the statute, as the same was amended in 1919, which statute is conceded to govern the case at bar. The special master found in favor of the plaintiff on all these grounds, and found a judgment in favor of the plaintiff for the full amount of the claim.

[1] Inasmuch as this court refuses to confirm the report of the special master, and finds that the plaintiff's complaint should be dismissed, because the court disagrees with the special master and upholds the defendant's third contention above stated, this memorandum will not discuss the defendant's contentions 1 and 2, above set forth. Section 234a of the Statute (Act Feb. 24, 1919, c. 18 [40 Stat. 1077, 1078], being Comp. St. § 6336⅛pp) reads in part as follows:

"That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * * (7) a reasonable allowance for the exhaustion, wear, and tear of property used in the trade or business, including a reasonable allowance for obsolescence."

The special master construed this section to cover obsolescence of good will, and held that the collector of internal revenue should have allowed the plaintiff a deduction from its income for the year in question for obsolescence of good will in an amount which would entitle the plaintiff to the return of taxes illegally paid to the full amount claimed by the plaintiff, with interest.

The case was carefully tried by the special master, and his opinion and findings indicate careful study of the facts and the law. His decision is based upon a construction of the statute, which includes obsolescence of good will, as covered by the words "including a reasonable allowance for obsolescence." He construes these words of subdivision 7 as covering an allowance in addition to and of another kind than "a reasonable allowance for the exhaustion, wear and tear of property used in the trade or business." In this respect he seems to be in error, and to have extended the meaning of the words "including a reasonable allowance for obsolescence" beyond the meaning which Congress intended.

This very question and the construction of subdivision 7 in respect to these same words have been very carefully considered by the Circuit Court of Appeals in the Eighth Circuit in the case of Red Wing Malting Company v. Williams; decided at the September term, 1926, and reported in 15 F.(2d) 626. The United States Supreme Court denied certiorari in this case on March 21, 1927, 272 U. S. ——, 47 S. Ct. 476, 71 L. Ed. ——.

The Circuit Court of Appeals there held in substance that the obsolescence intended to be designated by subdivision 7 could only mean obsolescence of property used in the trade or business, which was subject to exhaustion, wear, and tear, and could not include any property not subject to exhaustion, wear, and tear, and therefore could not include good will or obsolescence of the good will. Though not bound thereby, this court fully agrees with the decision in the Red Wing Case, and therefore must refuse to confirm the report of the special master, and must dismiss the complaint, as the special master's decision is based entirely on the contrary construction of this statute.

Judge Kerrigan of the Northern District of California, Southern Division, in the case of Landsberger v. McLaughlin, 20 F.(2d) 977, has also construed this statute as in the Red Wing Case, supra, and there seem to be no contrary decisions.

[2] The plaintiff excepted to the special master's findings of fact 42 to 47, inclusive, and to his conclusions of law 5 to 7, inclusive. These findings of fact and conclusions of law were that the National plant (one of the plaintiff's two brewery plants), including its machinery and fixtures, decreased a large sum in value, due to obsolescence, and that certain liquor tax certificates with powers of attorney and notices to issuing officer, also decreased a large sum in value, due to obso-

lescence, but that the evidence relating to such things was offered by plaintiff, and received in evidence, only upon the question of obsolescence of good will or intangible assets, and that the plaintiff was not entitled to any allowance or independent deductions on account thereof.

The record clearly shows that this evidence was offered and received only for its alleged probative force upon the plaintiff's claim that it was entitled to allowance for obsolescence of good will. On pages 219 and 220 of the record, plaintiff's attorney said, referring to this evidence:

"It is offered upon the question of obsolescence of good will and intangible assets."

The special master's rulings in such mentioned findings of fact and conclusions of law were clearly right, and plaintiff's exceptions are not well taken.

This case having been brought because of disallowance by the government of plaintiff's claim for obsolescence of good will, which the department had apparently formerly allowed, the question of an independent allowance or deduction because of obsolescence of the brewery plant or other real estate or liquor tax certificates is not in the case and not decided.

The defendant prevailing on the law in this case, it is not necessary to examine the defendant's exceptions to the specific findings of fact and conclusions of law.

Judgment may be entered in accordance with this decision.