### LANDSBERGER v. McLAUGHLIN, Collector of Internal Revenue.

Circuit Court of Appeals, Ninth Circuit. May 7, 1928.

No. 5293.

Internal revenue ⬤⇒7(19)—Loss of "good will" of wine business, due to prohibition law, held not deductible from income as allowance for "obsolescence" (Revenue Act 1918, § 214 (a), subd. 8, Comp. St. § 6336⅛g(a); § 325 (a), Comp. St. § 6336⅞₆h(a).

Loss of good will of wine business, resulting because of prohibition law, held, not to constitute a loss from "obsolescence," within meaning of Revenue Act 1918, § 214(a), subd. 8 (Comp. St. § 6336⅛g(a), authorizing deductions for obsolescence in computing net income, whether or not "good will" constitutes property, within meaning of section 325(a) of the statute (Comp. St. § 6336⅞₆h(a).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Will.]

At Law. Action by Henry M. Landsberger against John P. McLaughlin, Collector of Internal Revenue. Judgment for defendant (20 F.[2d] 977), and plaintiff brings error. Affirmed.

I. I. Brown and Vogelsang & Brown, all of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for defendant in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was for many years extensively engaged in the business of buying wines and brandies from wine makers in California, and selling the same, generally in carload lots, to wholesale dealers. His business was in the nature of that of a broker. He had no capital invested in it, except that occasionally he would loan money to grape growers to finance the raising of their crops. In his income tax returns for 1919 and 1920 he claimed that the good will of his business had been worth $90,113.90, but that it became obsolete by reason of national prohibition, which went into effect January 16, 1920, and he allocated his loss by obsolescence to the year 1919, in the sum of $45,964.54, and to the year 1920, $2,015.19. The Treasury Department disallowed the deductions, and he paid under protest the additional tax. Thereafter he brought an action in the court below to recover $13,426, the deficiency in income tax assessed against him for 1919, and $1,154.31, assessed and paid for 1920.

The statute which controls decision is the Revenue Act of 1918, 40 Stat. 1057, which provides as follows: "Sec. 214. (a) That in computing net income there shall be allowed as deductions: * * * (8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." Comp. St. § 6336⅛g(a). The plaintiff in error contends that the loss of good will due to prohibition legislation was properly deductible under the foregoing statute; that it comes within the provision which permits a reasonable allowance for obsolescence.

The identical question thus presented was before the Circuit Court of Appeals for the Eighth Circuit in Red Wing Malting Co. v. Willcuts, 15 F.(2d) 626, 49 A. L. R. 459, where in a careful and exhaustive opinion it was held that good will is a property of intangible nature, and that its loss cannot be the basis for income tax reduction, in the absence of a showing that such loss was not reflected in general loss resulting from sale of property for depreciated value. Said the court: "It seems to us that the language, 'including a reasonable allowance for obsolescence,' is but a part of and an enlargement of the previous phrase of the said subsection (7), Comp. St. § 6336⅛g subsec. 7, relating to exhaustion, wear, and tear, and that the first part of the sentence was intended to cover the subject-matter thereof. It does not add a new kind of deduction, but merely permits the inclusion of an additional element, namely, obsolescence of such property used in the business as is subject

to exhaustion, wear, and tear. The allowance for obsolescence was intended to be in connection with the allowance for exhaustion, wear, and tear; that being at times insufficient to restore the proper basis of capital values." Certiorari was denied 273 U. S. 763, 47 S. Ct. 476, 71 L. Ed. 879. The decision was followed in Haberle Crystal Spring Brewing Co. v. Clark (D. C.) 20 F.(2d) 540.

The plaintiff in error directs attention to section 325 (a) of the statute (Comp. St. § 6336⅞₆h (a), which provides that, as used in title 3 of the act, "the term 'intangible property' means patents, copyrights, secret processes and formulæ, good will, trademarks, trade brands, franchises, and other like property," and he contends that good will is thus placed in the class of property. Conceding that to be true, it does not follow that subdivision 8 of section 214 (Comp. St. § 6336⅛g, subd. 8) should receive a construction other than that which its plain terms imply. Therein allowance for obsolescence is made as to property used in trade or business, and we think it clear that good will is not property used in trade or business in the sense of the statute, nor subject to exhaustion, wear, or tear. Our conclusion is that the decision in the Red Wing Case properly disposes of the questions which are here presented.

The judgment is affirmed.